James E. **EATON**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

William **LESSARIS**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

Nos. 18836, 18911.

United States Court of Appeals, Seventh Circuit.

April 3, 1972.

Rodney D. Joslin, Chicago, Ill., for petitioners-appellants; Jenner & Block, Chicago, Ill., of counsel.

James R. Thompson, U. S. Atty., Donald C. Shine, Asst. U. S. Atty., William J. Bauer, U. S. Atty., Chicago, Ill., for respondent-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel, assisted by: Jerold Siegan, Law Intern, De Paul University School of Law.

Before KILEY, FAIRCHILD and STEVENS, Circuit Judges.

FAIRCHILD, Circuit Judge.

Petitioners appeal from the district court's denial of their motions under 28 U.S.C. § 2255 to vacate sentences imposed upon pleas of guilty to violating certain counterfeiting laws. Two of the issues raised in the district court were that the guilty pleas were induced by threats and promises of counsel and that the offenses resulted from entrapment. The issues raised on appeal by appointed counsel are that the trial court erred in failing to hold an evidentiary hearing on the guilty plea and entrapment issues and that the sentencing judge should have disqualified himself from hearing the § 2255 motions. Petitioners raise,

by pro se brief, the additional issue that the court predicated their sentences upon information contained in pre-sentence investigation reports rather than upon the offenses charged in violation of the fifth amendment protection from double jeopardy.

*Failure to hold evidentiary hearing.*

A. *On the guilty plea issue.*

In their § 2255 motions petitioners assert:

"In further violation of petitioner's rights he did not have adequate counsel in that his attorney, and co-defendant's attorney told him that he would get probation upon entering a plea of guilty, but if he pleaded not guilty he was going to be (hung), for one of petitioner's co-defendants was going to be a witness for the government in the prosecution of petitioner, and his other co-defendants. In this instance petitioner's rights were violated by attorney's false statements, and petitioner did not get probation as promised."

Petitioners argue that their guilty pleas were involuntary because of counsel's alleged remarks and that they were erroneously denied an evidentiary hearing on that issue.

■ Title 28, U.S.C. § 2255, provides:

"*Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief*, the court shall cause notice thereof to be served on the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." (Emphasis added.)

We must therefore determine whether petitioners' motions and the files and records in this case conclusively show that their guilty pleas were voluntarily entered. If so, they are not entitled to a hearing.[1] Furthermore, we must accept petitioners' factual allegations as true except to the extent that they are inherently incredible, merely conclusory rather than statements of fact, or are contradicted by the record.[2]

Prior to accepting petitioner Lessaris' plea of guilty the following colloquy occurred:

"Mr. Golka: Your Honor, the defendant Lessaris at this time would ask leave of the Court to withdraw his plea of not guilty and enter a plea of guilty.

THE COURT: Mr. Lessaris, you understand, I am sure, you are entitled to a trial by a jury or by the Court if you desire to stand trial on a not guilty plea.

A. Yes, sir.

THE COURT: And that at such a trial you would start out initially, at least, with the presumption of innocence. You would be presumed to be innocent and the government would have the burden of proving your guilt beyond a reasonable doubt by competent evidence. You understand that?

Mr. Lessaris: Yes.

THE COURT: You understand I assume, also, Mr. Lessaris, that if in fact I accept your plea of guilty for the possession of counterfeit plates which is a violation of Title 18, Section 474, you are subject to a maximum sentence of 15 years, and maximum fine of $5,000.

Mr. Lessaris: Yes, sir.

THE COURT: Has anybody made any promises, or predictions or held out any hopes to you as to what my sentence will be in the event I accept your plea of guilty?

Mr. Lessaris: No, sir.

THE COURT: You understand it could be 15 years and $5,000?

Mr. Lessaris: Yes, sir.

---

1. Putnam v. United States, 337 F.2d 313, 315 (10th Cir. 1964); Plaster v. United States, 381 F.2d 578, 579 (5th Cir. 1967).

2. See United States v. Webb, 433 F.2d 400, 402 (1st Cir. 1970); Domenica v. United States, 292 F.2d 483, 484 (1st Cir. 1961).

THE COURT: Anybody made any threats to you as to what would happen if you did not plead guilty?

Mr. Lessaris: No, sir.

THE COURT: In other words, you are not pleading either because of any threats or because of any promises, is that right?

Mr. Lessaris: No, sir.

THE COURT: Is it a fact, Mr. Lessaris, on September 18, in Chicago, you had in your possession some plates from which counterfeit $20 Federal Reserve Notes could be made, knowing they were counterfeit plates?

Mr. Lessaris: Yes, sir.

THE COURT: You did? Well, I think Mr. Lessaris, you know your rights. You know what the possible penalty of your plea would be. You are not pleading because of any threats or promises, and you tell me that you did in fact do what the indictment charges and which is a violation of the law. Under those circumstances I will accept your plea of guilty to indictment 69 CR 87. I will order a presentence investigation report, and set disposition for October 28, at two o'clock." [3]

 Even though a § 2255 motion may contain factual allegations, the district courts will not always be required to hold full scale hearings as Mr. Justice Stewart indicated in Machibroda v. United States: [4]

"What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense."

In our opinion the record conclusively establishes that petitioners' claim that counsel made a promise or even a firm prediction of probation which induced them to plead guilty is incredible. The latter part of the alleged remark, notwithstanding the use of "hung", was clearly no more than evaluation of the chances of acquittal if the case were tried. Thus the district court was not in error in denying them an evidentiary hearing on the issues.

**B.** *On the entrapment issue.*

 Petitioners' contention that they were erroneously denied an evidentiary hearing on their defense of entrapment fails on two grounds. First of all, it is well settled that a defendant's plea of guilty admits, in legal effect, the facts as charged and waives all non-jurisdictional defenses.[5] Entrapment is a non-jurisdictional defense on the merits and petitioners have waived their right to assert it. Secondly, it is equally well-settled law that even if petitioners had gone to trial and unsuccessfully attempted to establish entrapment or failed to try to establish it, the defense of entrapment could not be raised on collateral attack by a § 2255 motion.[6]

*Disqualification of the sentencing judge.*

 Petitioners contend that their § 2255 motion should not have been assigned to the sentencing judge for decision. It is clear, however, that the normal and appropriate procedure is to assign a § 2255 motion to the sentencing judge. The motion is, by statute, to be made before "the court which imposed the sentence," and although the word

---

3. Essentially the same colloquy took place with respect to the defendant Eaton.

4. 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962).

5. McDonald v. United States, 437 F.2d 1251 (5th Cir. 1971); United States v. Fragus, 422 F.2d 1244 (5th Cir. 1970);

United States v. Spada, 331 F.2d 995 (2d Cir. 1964).

6. Lothridge v. United States, 441 F.2d 919, 922 (6th Cir. 1971); Evans v. United States, 408 F.2d 369 (7th Cir. 1969); United States v. Bailey, 331 F.2d 218, 220 (7th Cir. 1964).

"court" rather than "judge" was used, it has been held that "Congress obviously considered it desirable that district judges be required to review proceedings over which they had presided." [7] Moreover, the same judge who accepted the guilty plea, may bring to bear his personal knowledge of the prior proceedings, which is an advantage rather than a mark of inherent prejudice.[8]

Petitioners alleged that the sentencing judge had not been impartial, contending that he had said before the change of plea that petitioners were "shooting craps with the government only to come out losers." The record shows that the remark actually made was addressed to counsel, after inquiring as to the theory of the defense.

The judge went on:

"I am curious as to what the theory of the defense is in the case. It doesn't mean you have to have one. You can stand trial without one. Just shoot craps with justice if you want to. That is part of your constitutional right, but I have always assumed counsel had a responsibility to advise clients that shooting craps with justice is not likely to be a profitable way to deal with a problem; that there was some theory, at least, on which the defense is predicated."

This colloquy occurred at the motion to suppress, a considerable time before the change of plea. In our opinion neither the remark quoted nor anything else in the record shows bias; certainly it does not show such probability of bias with respect to the issues presented on the § 2255 motion, that the sentencing judge was obligated to disqualify himself from decision thereof.[9]

## Use of the pre-sentence investigation report.

■ In a brief petitioners submitted pro se, they appear to contend that because the pre-sentence report disclosed previous arrests and convictions, and because the sentencing judge considered them, the sentence imposed resulted in double jeopardy. This claim was not made in the district court. Although we could properly disregard it for that reason,[10] it clearly lacks merit. The sentences imposed were within statutory limits for the offenses. When a judge decides at what level within the statutory limit to fix punishment, he may legitimately consider a criminal record as bearing upon a tendency to commit offenses, the probabilities of rehabilitation, and similar factors. In this case the district judge made the following comment:

"No, Mr. Gassaway (defendant Eaton's trial counsel) I am not going to place the defendant on probation. I could not in good conscience do that. The crime he is here charged with is a very serious offense, selling plates for the manufacture of $20 bills. That is a serious business.

I can't justify, quite apart from any other record, I can't justify it. If he had no other record I couldn't justify putting him on probation, I don't think with a charge of engaging in a crime which strikes at the foundations of the monetary system and the economy. This isn't like taking someone else's TV, or furniture, or things of that sort. This is a crime which goes to the heart of the currency."

The judge also said:

"Well, I would have to be the world's greatest optimist in the light of this

7. United States v. Smith, 337 F.2d 49, 53 (4th Cir. 1964), cert. denied, 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436 (1965); See also Morrison v. United States, 432 F.2d 1227, 1229 (5th Cir. 1970); Burris v. United States, 430 F.2d 399, 402 (7th Cir. 1970); Panico v. United States, 412 F.2d 1151, 1155 (2d Cir. 1969).

8. See United States v. Delsanter, 433 F.2d 972 (2d Cir. 1970).

9. Cf. Battaglia v. United States, 390 F.2d 256 (9th Cir. 1968).

10. See Potter v. United States, 304 F.2d 664 (8th Cir. 1962).

background, and I suppose I can be as optimistic as anybody, but I can't be optimistic about Mr. Eaton. He has just got too well established a pattern of law violations for me to believe he is going to stop it."

We find no merit in the assertion that the sentences imposed violated any of petitioners' rights.

In each case, the judgment is affirmed.