**Wayne L. WOODCOCK,
Petitioner-Appellant,**

v.

**Lewis McCAULEY, Warden,
Respondent-Appellee.**

**No. 77–1284.**

United States Court of Appeals,
Seventh Circuit.

Argued June 3, 1977.

Decided July 18, 1977.*

* This appeal was originally decided by unreported order on July 18, 1977. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

Charles Bennett Vetzner, Post-Conviction Defense Project, Madison, Wis., for petitioner-appellant.

Bronson C. La Follette, Atty. Gen., John M. Schmolesky, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for respondent-appellee.

Before FAIRCHILD, Chief Judge, CUMMINGS, Circuit Judge, and GRANT, Senior District Judge.**

FAIRCHILD, Chief Judge.

This is an appeal from the denial of appellant Wayne L. Woodcock's petition for *habeas corpus* to release him from Wisconsin imprisonment.

** Senior District Judge Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

On September 20, 1974, at a bench trial in the Circuit Court for Milwaukee County, Mr. Woodcock was convicted of the crime of false imprisonment. The Wisconsin Supreme Court found that any appeal, apparently including any post conviction proceeding based on claims not reflected in the record, would be frivolous. *Wisconsin v. Woodcock*, No. 75/70 (Wis. S.Ct., filed November 21, 1975). On April 9, 1976, Mr. Woodcock filed a petition for *habeas corpus* with the federal district court. He claims that his conviction for false imprisonment was invalid because his waiver of a jury trial was coerced by the need to secure a postponement of the trial date to allow defense counsel to prepare properly for trial. We find that an evidentiary hearing should have been held to determine the merits of this claim. Accordingly, we reverse the decision of the district court and remand for such a hearing.

## I. *The Nature of Appellant's Claim*

In his petition, Mr. Woodcock alleges that on August 1, 1974, at the time of his arraignment on the false imprisonment charge to which he pleaded not guilty, he made it known, through his counsel, to the presiding judge, the Honorable John L. Coffey, Circuit Judge, that he desired a jury trial. Judge Coffey accordingly set the trial for August 13, 1974, but when Mr. Woodcock's counsel apprised the court of a previous commitment on that date, the trial was rescheduled for August 12th. An adjournment ensued during which time Mr. Woodcock claims he told his counsel that he would like to have his father help investigate the case but that his assistance would be impossible unless the trial date was delayed. When counsel inquired of Judge Coffey whether a postponement could be had, the judge is reported to have said that no delay would be granted. Counsel then asked the court whether a postponement could be obtained if Mr. Woodcock waived his right to a speedy trial. Again, Judge Coffey is reported to have refused any post-

ponement. Counsel explained all this to Mr. Woodcock and is alleged to have added that he (*i. e.*, counsel) " 'didn't know what he could come up with' in eleven days and that to prepare the case for trial in that time period would be 'very difficult.' " Trial counsel then discussed with Mr. Woodcock the possibility of waiving a jury trial in order to obtain a postponement. Counsel inquired of Judge Coffey whether a postponement could be obtained by such waiver and it is alleged that Judge Coffey indicated a bench trial could be set for September 20, 1974. This was reported to Mr. Woodcock who thus decided to waive his right to a jury trial. In court Judge Coffey asked Mr. Woodcock if his waiver was being made "of your own free will," to which Mr. Woodcock responded that it was. The court further inquired of Mr. Woodcock whether any "threats" or "promises" had been made to him to induce his waiver, to which Mr. Woodcock responded "no." The court did not ask Mr. Woodcock why he was waiving his right to jury trial, nor did Mr. Woodcock volunteer such information.

Mr. Woodcock now claims that his waiver was motivated by the need to obtain the postponement necessary (1) for his father to be able to help investigate the case, and (2) for his counsel adequately to prepare his defense. He claims that to force him thus to choose between his right to a jury trial and his right to the effective assistance of counsel violated his due process rights under the Fourteenth Amendment.

## II. *Appellant's Entitlement to a "Full and Fair Hearing" on His Claim*

Apparently, appellant Woodcock first raised the claim outlined above in a *pro se* brief before the Supreme Court of Wisconsin.[1] At that time, the appellant was represented by the Wisconsin state public defender who filed a report with the Supreme Court stating that there were no meritorious grounds for an appeal of Mr. Woodcock's conviction. The Court rejected the

---

1. A copy of Mr. Woodcock's brief was not included in the record on appeal. It is, however, referred to in the decision of the Wisconsin Supreme Court. *Wisconsin v. Woodcock*, No. 75/70 (Wis. S.Ct., filed November 21, 1975).

no merit report and instructed the public defender's office to consider filing a motion with the trial court for a reduction in sentence based on Mr. Woodcock's presentencing incarceration. The Court further instructed the public defender to investigate Mr. Woodcock's claim that his trial counsel had failed to inquire fully into the possibility that certain testimony might have been helpful to the defense. The public defender filed a supplement to the original no merit report in which it concluded that, having inquired into the matters asserted by Mr. Woodcock, it still found no meritorious grounds for appeal. Mr. Woodcock accordingly moved the Court to dismiss the public defender and to allow him to proceed on his own behalf in showing the merits of an appeal. It was then that he filed the brief setting forth, among other points, the due process denial which he claims resulted in his waiver of a jury trial. It is unclear from the record whether the State of Wisconsin responded to Mr. Woodcock's brief. In any case, the Supreme Court of Wisconsin ruled that any appeal would indeed be frivolous. As to the due process/waiver claim, the Court relied (1) on the fact that nothing in the trial transcript reporting Mr. Woodcock's waiver indicated that any threats or promises were made to Mr. Woodcock to force him to waive his right to a jury trial, and (2) on the fact that the public defender's no merit report indicated that the public defender had contacted trial counsel and that the latter indicated he had been completely willing to have a jury trial within the time stipulated, but that defendant had insisted that his father be permitted to come from out of town in September to conduct an investigation that defendant wished to have undertaken.

Thus, when appellant Woodcock raised in federal court the claim of having been forced to choose between a jury trial and the effective assistance of counsel, the state responded by citing the "findings" of the Wisconsin Supreme Court that there was no merit to Mr. Woodcock's claim.

In denying the petition, the district court relied primarily on appellant's responses in the state court transcript, indicating that his waiver was voluntary, and upon the "differing factual basis of his contentions in the Wisconsin Supreme Court." In substance, this reasoning is that appellant's assertions of facts outside the record, showing that he waived a jury trial only to gain time for adequate preparation, are inherently incredible, so that there is no real issue of fact to be heard. *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *Eaton v. United States*, 458 F.2d 704, 707 (7th Cir. 1972).

One may question, for example, why a defendant, represented by counsel, who really though he needed a continuance for adequate preparation, would not have filed an appropriate motion, at least making a record of his claim. On the other hand, it appears that the trial, set before a jury in twelve days, was delayed five weeks after waiver of the jury, and that trial counsel acknowledged to the public defender appellant's desire for more time for investigation for trial. Thus appellant's claim has some plausibility, and his answers to the court at the time of waiver, generally indicating freedom from coercion, may well be explainable.

The difficulty with the district court's observation that appellant had presented differing factual claims to the state and federal courts is that the record does not contain appellant's brief before the state court. Our only knowledge of it is the paraphrase of his assertion set forth in the *per curiam*. It may well not be complete, and it is not clearly conflicting.

Thus we cannot affirm on the theory that the claim of coercion is inherently incredible.

The Attorney General bases his principal defense of the district court's judgment on the theory that the rejection of appellant's factual claims by the state supreme court was the type of factual determination by a state court which a federal court may or

must accept under *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) and 28 U.S.C. § 2254(f).

But *Townsend* requires that the state court must have reliably found the relevant facts after a full and fair evidentiary hearing. 372 U.S. at 318, 83 S.Ct. 745. And the statute accords a presumption of correctness to a state court "determination after a hearing on the merits of a factual issue."

It seems clear that there was no finding of fact in the state trial court on the issues now raised by appellant. Although the Supreme Court of Wisconsin seems unassailably correct in deciding as a matter of law that the transcript of the proceedings showed no coercion and that an appeal on the record would be frivolous, its apparent decision that post-conviction proceedings would be fruitless was no more than an exercise of discretion, based on the state public defender's report, based, in turn, on *ex parte* conversations with trial counsel. That portion of the Court's decision simply does not constitute a finding of relevant fact after a full and fair evidentiary hearing.

The Clerk of this court is directed to enter judgment reversing the judgment appealed from.