947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Wan S. OH, Defendant/Appellant.
 No. 90-3006.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1991.*
Decided Nov. 7, 1991.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Wan S. Oh was indicted on February 22, 1990 on two counts of bribery of an Internal Revenue Service ("IRS") agent in violation of 18 U.S.C. § 201(b)(1).[1] Trial was scheduled for May 10, 1990. At that time, Oh's counsel moved for a hearing to determine whether the government had engaged in the selective prosecution of Oh as a member of the Korean community. The court denied the motion as untimely and as insufficient to warrant a hearing. The court stated, however, that it would consider a conditional plea if Oh wished to plead guilty and preserve the issue of selective prosecution for appeal. Oh withdrew his plea of not guilty on that day and instead entered an unconditional plea of guilty to Count One pursuant to a plea agreement.[2] After a thorough Rule 11 colloquy,[3] the district court accepted Oh's plea of guilty. On August 17, 1990, Oh's attorney from the Federal Defender's Office moved to withdraw as Oh's counsel. The court granted the motion and also granted Oh's newly retained counsel leave to file an appearance on Oh's behalf. On August 22, 1990, the day of the sentencing hearing, Oh filed a motion to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d), raising for the first time the defense of entrapment. The court denied the motion and sentenced Oh to six months' work release followed by three years' probation. On appeal, Oh cites his defenses of selective prosecution and entrapment and his limited understanding of English[4] to challenge the factual basis for his plea, particularly the intent element.
 
 
 2
 If a motion to withdraw a guilty plea is made prior to sentencing, the court "may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). The defendant bears a heavy burden in demonstrating the existence of a fair and just reason to withdraw his guilty plea, United States v. Cooper, Nos. 90-1677 and 90-2523, slip op. at 10-11 (7th Cir. Sept. 11, 1991), which must be more than a "conclusory reassertio nof innocence." United States v. Ray, 828 F.2d 399, 422 (7th Cir.1987). Moreover, there is no absolute right to withdraw a guilty plea. United States v. Alvarez-Quiroga, 901 F.2d 1433, 1436 (7th Cir.1990). Whether to grant a motion to withdraw a guilty plea is at the sound discretion of the district court, United States v. Knorr, No. 90-2422, slip op. at 3 (7th Cir. Sept. 16, 1991), and we will only reverse a district court's decision if there has been an abuse of discretion. United States v. Scott, 929 F.2d 313, 315 (7th Cir.1991).
 
 
 3
 At the sentencing hearing, Oh informed the court that he wished to withdraw his guilty plea because he felt that he was the victim of entrapment. The government noted, for the record, that Oh and his previous counsel had discussed the possibility of an entrapment defense in the presence of the government attorney and agents and that therefore Oh was aware of the defense before he chose to plead guilty.
 
 
 4
 This circuit has stated that: "[A] defendant's plea of guilty admits, in legal effect, the facts as charged and waives all non-jurisdictional defenses. Entrapment is a non-jurisdictional defense on the merits and petitioner [has] waived [his] right to assert it." Eaton v. United States, 458 F.2d 704, 707 (7th Cir.1972); accord United States v. Riles, 928 F.2d 339, 342 (10th Cir.1991); United States v. Yater, 756 F.2d 1058, 1063 (5th Cir.1985).
 
 
 5
 Here, the district court noted that the fact that a defendant changes his mind and determines that he would now like to pursue a defense that he earlier had rejected is not a fair and just reason to allow the withdrawal of a guilty plea. Therefore, the district court asked if there were any other challenges to the plea. In particular, the court asked if Oh was now asserting that he was not competent to plead, if he was not assisted by counsel or if neither counsel nor the court had properly admonished him, if he did not understand his trial rights or the nature of the charges against him, or if his plea was not voluntary. To all of those questions Oh's counsel responded in the negative.
 
 
 6
 The court then denied Oh's motion to withdraw on the basis that Oh was assisted by counsel during the plea hearing and that Oh had been aware of the entrapment defense at that time. Moreover, the court found that Oh had understood the rights that he was forfeiting by pleading guilty, that there was a factual basis for the plea, that there was an admission of guilt,[5] and that Oh's plea was knowing and voluntary.[6] Oh failed to demonstrate either that there was no factual basis for his plea[7] or that there was a fair and just reason to withdraw his plea. The district court did not abuse its discretion in denying his motion to withdraw on the basis of a new defense without an evidentiary hearing.
 
 
 7
 The defense of selective prosecution was raised before the change of plea, but was not pursued. Oh did not condition his plea of guilty upon a finding that his defense of selective prosecution had no merit. See Fed.R.Crim.P. 11(a)(2) (permitting a defendant to preserve a pretrial motion for appeal via a conditional plea). Consequently, he has waived this issue on appeal. United States v. Suter, 755 F.2d 523, 527 (7th Cir.1985) (defendant failed to preserve issue of an evidentiary hearing on his motion to dismiss the indictment for selective prosecution by not complying with the requirements of entering a conditional plea).
 
 
 8
 For all of the above reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Count One charged Oh with having paid Michael Barnes, an IRS officer, $50 on June 6, 1988 in order to induce Barnes to remove from the IRS records the outstanding payroll tax liability of the Korean Village, a.k.a. Cosmos Stand Bar. Count Two charged Oh with having paid Barnes $200 on July 27, 1988 for the same purpose
 
 
 [2]
 Pursuant to the plea agreement, Count Two was dismissed
 
 
 [3]
 During the colloquy, the judge ascertained that Oh was competent to plead guilty. In response to the judge's questions, Oh stated that he was being adequately represented. Oh acknowledged that he had discussed the indictment and the charges with his attorney and that he understood them. He also stated that his plea was voluntary and not the product of threats, force, or agreements not included in the plea agreement. Oh also admitted that the government's statement of its evidence was correct
 
 
 [4]
 In his brief, Oh argues that the district court erred in denying his request for continuance even though discovery was "extremely limited or non-existent." Oh does not develop this argument. This court is not obligated to construct legal arguments for parties or do research for them. United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991)
 
 
 [5]
 "Rational conduct requires that voluntary responses made by a defendant under oath before an examining judge be binding. Such a requirement is consistent with reason and common sense." United States v. Ellison, 835 F.2d 687, 693 (7th Cir.1984)
 
 
 [6]
 On appeal, Oh argues that he was unsophisticated and has a limited understanding of English. However, the record indicates that Oh participated in all of the proceedings through a Korean interpreter
 
 
 [7]
 On May 3, 1990, the government filed a motion in limine seeking the admission of a recorded conversation between Oh and an IRS agent, the purpose of which was to establish intent. In addition, Barnes was flown in from Europe to testify on the day of the trial