959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 41430 DE PORTOLA ROAD, RANCHO
CALIFORNIA, and all Appurtences Thereto, Defendant.
and
Stanley PLESINSKI, Claimant-Appellant.
 
 No. 91-55099.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1992.
Decided April 1, 1992.
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this in rem forfeiture action, Plesinski appeals from the denial of his motion to dismiss the forfeiture complaint for lack of particularity. Plesinski also seeks reversal of the grant of summary judgment in favor of the Government. We affirm the district court's grant of summary judgment because we conclude that (1) Plesinski did not file his motions to dismiss properly, and (2) there is no genuine issue of material fact concerning whether he was entrapped into using his home to facilitate the sale of marijuana on May 3, 1988.
 
 I.
 
 3
 Plesinski contends that the district court erred in finding that he waived his right to move to dismiss the complaint for failure to state a cause of action. Plesinski argues that the court erred in ruling that a motion for a more definite statement under Federal Rule of Civil Procedure 12(e) must be asserted before the filing of a motion to dismiss for failure to state a claim.
 
 
 4
 Plesinski's argument misinterprets the lower court's decision. The court did not state that a motion for a more definite statement must be filed first in order to file a motion to dismiss for failure to state a claim with particularity. Rather, the court held that Plesinski waived his right to file a motion for a more definite statement because he had filed an answer.
 
 
 5
 Federal Rule of Civil Procedure 12(b)(6) requires that a motion to dismiss for failure to state a claim be made before the service of a responsive pleading. See Aetna Life Ins. Co. v. Alla Medical Services, Inc., 855 F.2d 1470, 1474 (9th Cir.1988) (motion to dismiss under Rule 12(b) held untimely when filed after answer). Plesinski filed his second motion to dismiss more than two years after filing an answer to the complaint. We have held that "if a motion to dismiss for failure to state a claim is made after the answer is filed, the court can treat the motion as one for judgment on the pleadings pursuant to F.R.Civ.P. 12(c)." Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980). Thus, under the law of this circuit, a district court may dismiss a motion to dismiss the complaint filed after the answer is filed as untimely or treat it as a motion for judgment on the pleadings.
 
 
 6
 In this matter, the district court elected to treat the motion to dismiss as a motion for judgment on the pleadings. Because the second motion to dismiss was filed after the answer, the district court did not err in failing to consider whether the complaint pled a cognizable claim or stated facts with sufficient particularity.
 
 II.
 
 7
 Plesinski contends that the district court erred in granting summary judgment because it incorrectly concluded that entrapment is not a defense to civil forfeiture. He further argues that he has raised triable issues of fact showing that he was induced to use his residence on May 3, 1988 to facilitate a narcotics transaction in order to subject his residence to forfeiture under 21 U.S.C. § 881. For purposes of this appeal, we assume, without deciding, that Plesinski could assert an entrapment defense if an adequate threshold showing were made. We further assume that to avoid summary judgment, Plesinski would have to show that he was induced to commit the crime at his house, and that he was not otherwise predisposed to do that. See United States v. Smith, 924 F.2d 889, 898 (9th Cir.1991).
 
 
 8
 Plesinski does not seriously argue that he was entrapped to commit the underlying crime of possession with intent to distribute narcotics.[1] Rather, Plesinski's claim is that the crime was committed at a particular location, his house, because of entrapment.
 
 
 9
 Even if a person who is predisposed to commit a drug offense can be "entrapped" to do it at a particular location, Plesinski has not made a significantly probative showing that he lacked the disposition to deal drugs at his house. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is undisputed that undercover agents in a truck loaded with marijuana arrived at Plesinski's place of residence. The truck was parked outside his house. Despite having previously indicated his knowledge that dealing drugs at his house might subject it to forfeiture, Plesinski, not the undercover agents, brought three bundles of marijuana into his house. He invited the officers to come in, offered them drinks, and gave them $35,000 for the drugs--all inside his house. Plesinski had also discussed drugs at his house on March 25, 1988. In light of these uncontroverted facts, Plesinski's declaration that he had previously told informants that he did not want to take delivery or store marijuana at his house cannot create a genuine issue on lack of disposition. Summary judgment was, therefore, appropriate.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Nor does he raise a triable issue on this point. Plesinski pled guilty to conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). That waives defenses, including entrapment. See, e.g., United States v. Kidder, 869 F.2d 1328, 1332-33 (9th Cir.1989) ("A guilty plea is an admission of each and every element required to establish the offense."); United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) ("[A] guilty plea conclusively proves the factual allegations contained in the indictment."); cf. United States v. Sarmiento, 786 F.2d 665, 668 (5th Cir.1986) (guilty plea waives non-jurisdictional defense of entrapment); Eaton v. United States, 458 F.2d 704, 707 (7th Cir.) (same), cert. denied, 409 U.S. 880 (1972). Moreover, Plesinski's declaration admits that he and an informant had dealt in marijuana before. See, e.g., Plesinski Dec'l, ER at 192 ("[t]hroughout the transactions and my statements to [the informant], I indicated to him that I wanted to store the marijuana at a place other than my house in the fashion that we had done in the past at either Mike's in Aguanga or at the other place across the way from my house.") (emphasis added)