983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Celestino J. LEBRON, Jr., and Filiberto Frias-Castro,
Defendants-Appellants.
 Nos. 91-3910, 92-1064.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1992.*
Decided Dec. 28, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 The defendants Celestino J. Lebron, Jr. and Filiberto Frias-Castro pleaded guilty to one count of conspiracy to possess over five kilograms of cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii). Nine days prior to his sentencing, Mr. Lebron moved to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d). The district court held an evidentiary hearing on defendant Lebron's Rule 32(d) motion and denied the requested relief. The district court thereafter sentenced defendants Lebron and Frias-Castro to incarceration for terms of ten and twenty years, respectively. Mr. Lebron appeals the denial of his motion to withdraw his guilty plea, alleging that his plea was not knowing, voluntary, and intelligent. Mr. Lebron and Mr. Frias-Castro also argue that their respective sentences of ten and twenty years imprisonment for conspiracy to possess cocaine with the intent to distribute it violate the eighth amendment's prohibition of cruel and unusual punishment. We affirm.
 
 I. MOTION TO WITHDRAW GUILTY PLEA
 
 2
 The two-count indictment charged a total of five defendants with conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute. All of the defendants initially entered not guilty pleas at their arraignments. On the trial date, one of Mr. Lebron's and Mr. Frias-Castro's co-defendants pleaded guilty to the cocaine conspiracy charge in exchange for dismissal of the possession charge. Two other co-defendants pleaded guilty to marijuana distribution charges contained in a separate indictment in return for the government's dismissal of the indictment containing the cocaine conspiracy and possession charges. During jury selection, Mr. Lebron and Mr. Frias-Castro each advised the court that they also wished to change their previously entered pleas of not guilty to guilty in accordance with a plea agreement. Under the plea agreement, the government agreed to dismiss the possession charge in exchange for the defendants' guilty pleas to Count I, the conspiracy charge.
 
 
 3
 At Mr. Lebron's plea hearing, the district court fully explained the mandatory minimum and possible maximum sentencing range to the defendant. The court informed the defendant that if the quantity of cocaine involved was determined to be five kilograms, as was alleged in the indictment, the statutory minimum sentence that could be imposed for his offense was ten years and the maximum penalty was life imprisonment. The district court also explained that although the plea agreement provided that the government would recommend that the court impose the ten-year mandatory minimum sentence, the court was free to impose any sentence authorized by law. The district court informed the defendant of his constitutional rights and inquired whether there was anything about his rights or the mandatory minimum and possible maximum sentence that the defendant did not understand. Mr. Lebron replied that he had no questions about his rights or his likely sentence. The district court determined that the defendant understood his constitutional rights, the implications of his guilty plea, and the mandatory minimum and maximum possible penalties that he faced.
 
 
 4
 In response to the district court's request that the defendant describe his role in the conspiracy offense, the defendant testified that he knowingly drove a car from Milwaukee to Bradley, Illinois, to assist in delivering cocaine. Defendant Lebron explained that his primary responsibility in the transaction was to receive the cash from the buyer who, unbeknownst to Mr. Lebron and Mr. Frias-Castro, was an undercover agent. Mr. Lebron stated that he "knew everything that was going on" concerning the cocaine transaction, and that he had agreed with his co-conspirators to deliver the drug in furtherance of their scheme. Mr. Lebron advised the district court that he merely "tried to make a dollar." Based upon Mr. Lebron's testimony and the government's undisputed recitation of its evidence of the defendant's culpability, the district court found that there was a factual foundation for the defendant's plea and that the plea was voluntary.
 
 
 5
 Approximately two months after his change of plea and nine days before his sentencing, Mr. Lebron filed a motion to withdraw his guilty plea. The defendant asserted in the motion that he had a learning disability that prevented him from understanding the nature and extent of the charge against him or the mandatory punishment for his crime. At the evidentiary hearing on his Rule 32(d) motion, Mr. Lebron testified that he could not read the English language. Furthermore, the defendant stated that at the time of his plea he believed that the court would sentence him to three to five years because one of his co-defendants told him that he would be rewarded with a lenient sentence for saving the government the expense of trial. Mr. Lebron also testified, however, that he recalled being informed by the district court that he could receive a mandatory ten-year sentence. Lebron conceded that he had testified at his plea hearing that he fully understood the court's explanation of the minimum and maximum sentences that he faced. The defendant also claimed, for the first time, that he had an unspecified defense for his actions that he wished to raise at trial.
 
 
 6
 The district court denied the defendant's motion to withdraw his guilty plea, and found that the minimum mandatory sentence had been clearly explained to the defendant and that an unambiguous factual basis supported the guilty plea. The court noted the defendant's facility in communicating in the English language at his plea hearing and the hearing on the motion to withdraw his plea, and rejected Mr. Lebron's contention that he suffered any disability that precluded him from comprehending the import of his plea. The court concluded that the defendant responded intelligently and with complete understanding to the court's explanations of the defendant's rights and the consequences of a guilty plea. The defendant's motion to withdraw his plea was characterized by the court as an eleventh hour change of heart by the defendant prompted by his realization that the court had to impose the mandatory minimum sentence as explained at the plea hearing and as described in the plea agreement.
 
 
 7
 Rule 32(d) of the Federal Rules of Criminal Procedure requires that a defendant provide a "fair and just reason" for the withdrawal of a guilty plea prior to sentencing. The decision whether to allow withdrawal of a guilty plea is within the sound discretion of the trial court, and we will reverse that decision only on a showing of abuse of discretion. United States v. Caban, 962 F.2d 646, 649 (7th Cir.1992); United States v. Scott, 929 F.2d 313, 315 (7th Cir.1991). Defendant Lebron claims that he did not knowingly, voluntarily, and intelligently plead guilty because he did not understand the absolute nature of his sentence. The defendant attributes his lack of understanding to his illiteracy in the English language and to the bad advice he received from his co-defendants regarding his likely sentence.
 
 
 8
 Neither at his plea hearing nor at the hearing on his plea withdrawal motion did the defendant claim that his alleged inability to read English hindered his understanding of the spoken word. The transcripts of the defendant's plea hearing and the hearing on his motion to withdraw his plea do not suggest that the defendant had any difficulty understanding the court's inquiries or responding to the court in lucid English. The defendant provided no evidence at the hearing on his motion to withdraw his plea that would suggest that his plea was involuntary or uninformed. The district court carefully explained all of the consequences of the guilty plea, including the likely sentence that would be imposed, and elicited the defendant's assent that he completely understood the court's explanation and that he had no questions concerning his fate.
 
 
 9
 That the defendant harbored secret, hidden expectations at odds with the district court's unambiguous and thorough explanation is not a "fair and just reason" for withdrawal of his guilty plea under Rule 32(d). As we have stated numerous times, to protect the integrity of the judicial process and to deter abuses in Rule 32(d) guilty plea withdrawals, " 'rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] ... be binding.' " United States v. McFarland, 839 F.2d 1239, 1242 (7th Cir.) (quoting United States v. Ellison, 835 F.2d 687, 693 (7th Cir.1987)), cert. denied, 486 U.S. 1014 (1988). Defendant Lebron's oblique reference at his motion hearing to an unspecified defense lurking in the bulrushes is of no consequence because his plea of guilty is a legal admission of the facts as charged and a waiver of all non-jurisdictional defenses. Eaton v. United States, 458 F.2d 704, 707 (7th Cir.), cert. denied, 409 U.S. 880 (1972); accord United States v. Riles, 928 F.2d 339, 342 (10th Cir.1991); United States v. Yater, 756 F.2d 1058, 1063 (5th Cir.), cert. denied, 474 U.S. 901 (1985). Mr. Lebron presented no evidence at his motion hearing of any valid defense to the charges against him. The district court did not abuse its discretion when it refused to allow Mr. Lebron to withdraw his guilty plea.
 
 
 10
 II. THE DEFENDANTS' EIGHTH AMENDMENT CHALLENGES TO THEIR SENTENCES
 
 
 11
 Defendants Lebron and Frias-Castro were each sentenced by the district court to the mandatory minimum sentences set forth in 21 U.S.C. § 841(B)(1)(a). Based upon a finding that five kilograms of cocaine were involved in the defendants' offense, the district court concluded that section 841(B)(1)(a)'s ten-year minimum mandatory sentence applied to Mr. Lebron. Included among Mr. Frias-Castro's several prior convictions was a felony involving a controlled substance. Section 841(B)(1)(a) mandated a minimum twenty-year sentence for a defendant who committed a drug offense described in the statute who had a prior felony drug offense. Section 5G1.1 of the Sentencing Guidelines incorporated the statutorily required minimum sentences as the minimum guideline range. U.S.S.G. § 5G1.1. Accordingly, the district court sentenced defendant Lebron to ten-years imprisonment and defendant Frias-Castro to twenty-years imprisonment.
 
 
 12
 The defendants each contend on appeal that their mandatory minimum sentences violate the eighth amendment's prohibition against cruel and unusual punishment. Specifically, the defendants claim that the mere length of their sentences bear no reasonable relationship to the severity of their crimes. The eighth amendment, however, forbids only sentences that are "grossly disproportionate" to the crime. Harmelin v. Michigan, 111 S.Ct. 2680, 2705 (1991) (Kennedy, J., concurring); United States v. Saunders, 973 F.2d 1354, 1365 (7th Cir.1992). As we have noted on several occasions, establishing prison terms for "individual crimes involves consideration of factors that, as a general matter, is largely the function of the legislature, not the courts," United States v. Jones, 950 F.2d 1309, 1317 (7th Cir.1991), cert. denied, 112 S.Ct. 1700 (1992). Therefore, we generally give substantial deference to the legislature's determination, and look with disfavor on eighth amendment challenges to sentences that are prescribed by the guidelines and within the statutory maximums established by Congress. Saunders, 973 F.2d at 1365, Jones, 950 F.2d at 1317.
 
 
 13
 Defendant Lebron waived his claim that his sentence violated the eighth amendment by failing to raise it at his sentencing. Williams v. United States, 805 F.2d 1301, 1308 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987). While we find no plain error occurred at Lebron's sentencing, his eighth amendment claim is unfounded even if we were to consider it on the merits under the same standard of review applicable to defendant Frias-Castro's claim.
 
 
 14
 In United States v. Vasquez, 966 F.2d 254 (7th Cir.1992), we noted that "in non-capital felony convictions, a particular offense that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion." Id. at 261; see also United States v. Mitchell, 788 F.2d 1232, 1237 (7th Cir.1986) ("[A]s [the appellant's] sentence was within the maximum provided by Congress, it is only subject to review on appeal for a manifest abuse of discretion."). Both defendant Lebron and defendant Frias-Castro received the lowest sentences that the district court could impose under the sentencing guidelines and 21 U.S.C. § 841(B)(1)(a). Neither defendant has claimed that the district court abused its discretion in imposing their sentences. Because both sentences are within legislatively prescribed limits and there has been no claim, and no evidence of, an abuse of discretion in sentencing, we find that the defendants' sentences do not violate the eighth amendment. See Harmelin v. Michigan, 111 S.Ct. 2680, 2701 (1991) (upholding life sentence without possibility of parole for first-time felony offense of possessing 672 grams of cocaine); Cf. United States v. Alvarez, 914 F.2d 915, 920 (7th Cir.1990) (upholding a thirty-year sentence for a single count of possessing a firearm), cert. denied, 111 S.Ct. 2057 (1991).
 
 
 15
 For the foregoing reasons, we AFFIRM defendant Lebron and Frias-Castro's sentences as well as the district court's decision to deny defendant Lebron's motion to withdraw his guilty plea.
 
 
 
 *
 After a preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs