**Norfolk**

TIMOTHY JOHN COLE

v.

COMMONWEALTH OF VIRGINIA

No. 1566-91-1

Decided March 16, 1993

114

COUNSEL

Edward I. Sarfan (Sarfan & Nachman, on brief), for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Timothy J. Cole appeals from his conviction for robbery under Code § 18.2-58. He claims the trial court erred in allowing the Commonwealth, on cross-examination, to name appellant's specific prior felony convictions. After examining the record, we conclude that, although the trial court did err, that error was harmless. Accordingly, we affirm appellant's conviction.

In reviewing the trial court's ruling, we are guided by the principle that "[t]he admissibility of evidence is within the broad discretion of the trial court, and . . . will not be disturbed on appeal in the absence of an abuse of discretion." *Blain v. Commonwealth*, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citation omitted). The issue to which we apply that standard here concerns the proper methods for impeachment of a criminal defendant based on prior felony or perjury convictions. *See* Code § 19.2-269. Two such methods exist under current Virginia law, both of which are discussed at length in this Court's decision in *Powell v. Commonwealth*, 13 Va. App. 17, 23, 409 S.E.2d 622, 626 (1991). The first method allows proof of prior felony convictions and their number. *Id.* (citing Code § 19.2-269; *Sadoski v. Commonwealth*, 219 Va. 1069, 1070, 254 S.E.2d 100, 101 (1979)). The second method allows impeachment through evidence that appellant testified untruthfully about a material fact. *Id.* (citing *McAmis v. Commonwealth*, 225 Va. 419, 422, 304 S.E.2d 2, 4 (1983); *Santmier v. Commonwealth*, 217 Va. 318, 319, 228 S.E.2d 681, 682 (1976)). For

example, if appellant "testifies untruthfully about 'the fact of conviction' or the number of prior felony offenses, the Commonwealth may show that [he] has knowingly testified untruthfully about a material fact." *Id.* at 23-24, 409 S.E.2d at 626.

In *Powell*, the Court further clarified the limits of these methods of impeachment, holding that

> where . . . a defendant/witness testifies untruthfully on direct examination about the number of prior felony convictions, he opens the door to cross-examination which is reasonably designed to elicit relevant evidence to show whether the defendant/witness knowingly testified falsely. The Commonwealth may not, however, resort to cross-examination which unnecessarily presents prejudicial information about the name or nature of prior convictions with little or no probative value.

*Id.* at 24, 409 S.E.2d at 626.

Although the facts of this case appear to be very similar to those in *Powell*, significant differences exist. In *Powell*, the Commonwealth's attorney originally named appellant's prior convictions. In this case, by contrast, appellant himself first volunteered the name of one of the felonies for which he had been convicted—grand larceny—without being asked to do so by the Commonwealth. The Commonwealth asserts that appellant opened the door to questioning about the names and nature of his prior convictions, citing *Harmon v. Commonwealth*, 212 Va. 442, 185 S.E.2d 48 (1971), in support. In *Harmon*, appellant testified on direct examination that he had been convicted of a prior killing, and the court held that this testimony opened the door to questioning by the Commonwealth on cross-examination as to the degree of the homicide. *Id.* at 445, 185 S.E.2d at 51.

We hold in this case that appellant opened the door to questioning about one conviction for grand larceny. In attempting to clarify appellant's answer, however, the Commonwealth mentioned a second conviction for grand larceny. As outlined in *Powell*, the Commonwealth had other alternatives available through which to prove that appellant had testified untruthfully. It could, for example, have questioned appellant by naming the courts and the dates on which it thought he had received felony convictions. Alternatively, it could have presented appellant with properly authenticated copies of

his prior felony convictions. Such alternative avenues "must be pursued before the Commonwealth can inquire about the name and nature of the prior offenses, and even then, the Commonwealth must show that proof of the name and nature of the convictions is relevant and outweighs the prejudice caused by such disclosure." *Powell*, 13 Va. App. at 26, 409 S.E.2d at 628. Because the Commonwealth failed to pursue these alternative approaches, we hold that the trial court abused its discretion in allowing the Commonwealth to question appellant as to the identity and nature of his second felony grand larceny conviction and his misdemeanor concealment conviction.

■ Appellant argues that, under the reasoning in *Powell*, this error constitutes grounds for reversal of his conviction. In spite of this error, however, one other critical fact distinguishes these two cases: *Powell* involved a jury serving as the trier of fact, whereas this case involved trial before a judge. "A judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both." *Eckhart v. Commonwealth*, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981). Consequently, we presume that a trial judge disregards prejudicial or inadmissible evidence. *Hall v. Commonwealth*, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc). Finally, "this presumption will control in the absence of clear evidence to the contrary." Here, the evidence concerning appellant's prior convictions was relevant only as it pertained to his credibility, and, absent some indication to the contrary in the record, we must presume that the trial judge considered it for that limited purpose only. Although some of this evidence was improper, even when limited to the issue of credibility, the judge's consideration of it for that purpose was harmless error, for appellant himself had already volunteered information concerning a separate grand larceny conviction. This is not to say that the admission of improper evidence in a bench trial may never result in reversible error. Where the record makes clear that the judge considered such inadmissible evidence in adjudicating the merits of the case, reversal would be appropriate. However, where, as here, the record is devoid of such implications, we must presume that the trial judge considered the evidence for the limited purpose of assessing credibility.

Appellant has failed to show a manifest probability that the admission of this evidence prejudiced his ability to receive a fair trial. He

has not claimed that, absent the introduction of the testimony concerning his prior felonies, the evidence would have been insufficient to convict him. Accordingly, we hold that the error was harmless.

For the aforementioned reasons, we affirm appellant's conviction.

*Affirmed.*

Bray, J., and Willis, J., concurred.