## Richmond

BERLINDA LEE CRADDOCK

v.

COMMONWEALTH OF VIRGINIA

No. 1812-91-2

Decided May 18, 1993

COUNSEL

Gary R. Hershner (Hershner, Jacobs, Metzger & Hicks, on brief), for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Berlinda Lee Craddock, appellant, originally indicted as Jackie Annette Page, appeals her convictions on three counts of uttering bad checks and three counts of grand larceny of the proceeds. She alleges that the trial judge erred in overruling her objections to the Commonwealth Attorney's statements, made before only the trial judge during the sentencing phase of the trial, concerning her rejection of a plea bargain. The Commonwealth contends that appellant is barred from presenting this assignment of error on appeal because she did not request a mistrial at the time the objectionable comments were made.

Appellant was found guilty by a jury of uttering three forged checks and of grand larceny of the proceeds. The jury recommended a total punishment of forty-five years imprisonment. The trial judge granted appellant's request to have a presentence report prepared.

At the sentencing hearing held before a judge, the Commonwealth's Attorney stated that the presentence report was not favorable to appellant; that she had an extensive criminal record, was an admitted cocaine user and had lied to her probation officer about her employment history. The Commonwealth's Attorney, Douglas Barry, made several statements during his closing argument to which appellant's counsel, Gary Hershner, objected:

MR. BARRY: . . . .This woman, back before this jury trial, who is a career criminal, was offered a ten-year sentence. She was offered that not because she deserves that —

MR. HERSHNER: Objection. Objection to relevance, Judge, on sentencing. That's not proper.

THE COURT: Continue the argument, Mr. Barry.

MR. BARRY: She was offered a ten-year sentence by this Commonwealth's Attorney, not because that's what she deserved, but having done trial work for a while, it was thought she would not take the stand, therefore, her record would not come into evidence, and I thought that was a fair offer. Mr. Hershner was not involved in that. She had a very competent attorney in that situation as well, Mr. White. Not only was that laughed at, but as I walked back to my office and she walked back to the jail, she taunted me the entire time about my ridiculous offer.

MR. HERSHNER: Objection, Judge. It's not in evidence.

THE COURT: This is the argument stage, Mr. Hershner. You may argue what you want when Mr. Barry gets through.

Go ahead, Mr. Barry.

Hershner made no further objections and did not move for a mistrial. In his own closing, Hershner admitted that the presentence report was "very bad," but asked the court to suspend such portion of the jury's forty-five year sentence so as to leave her with eight and one-half years to serve, which he asserted was the median range according to the sentencing guidelines. The Commonwealth's Attorney then replied that the median sentence was approximately the sentence that appellant had laughed at when he offered it to her in exchange for a guilty plea prior to the trial.

The court then imposed the jury's recommended verdict of forty-five years. In so doing, it stated, "The Court has reviewed the file. It's read the letters that have come in and it's heard the witnesses. The Court also heard the trial. I thought the jury probably was pretty lenient. In any event, I feel that the jury verdict ought to be confirmed."

## I.

■ We find that our consideration of appellant's assignment of error is not barred by her failure to request a mistrial. In so doing, we acknowledge that the Virginia Supreme Court ''has repeatedly held that errors assigned because of a prosecutor's improper comments or conduct during argument will not be considered on appeal unless the accused timely moves for a cautionary instruction or for a mistrial.'' *Martinez v. Commonwealth*, 241 Va. 557, 559 n.2, 403 S.E.2d 358, 359 n.2 (1991). Although the Commonwealth cites several cases that require the making of such a motion, or at least require that a cautionary instruction be requested, as a prerequisite to an appeal, all of those cases are distinguishable. The cases cited involved comments made during closing arguments before a jury in the guilt phase of the trial. *See id.*; *Cheng v. Commonwealth*, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990); *Morris v. Commonwealth*, 14 Va. App. 283, 286-87, 416 S.E.2d 462, 464 (1992) (en banc). The recognized purpose of this requirement is to prevent retrials by calling the error to the attention of the trial judge, who may then caution the jury to disregard the inappropriate remarks.

In this case, by contrast, the challenged remarks were made before the judge during the sentencing phase of the trial. We find no Supreme Court precedent that requires a judge to give himself or herself a cautionary instruction based on improper comments made in a bench trial in order to preserve that issue for appeal. In addition, the granting of a mistrial based on an error occurring only during the sentencing phase of the trial would result in a waste of judicial resources. The remedy for such error in the penalty phase of a trial is a new trial on the penalty alone. *See, e.g.*, *Turner v. Murray*, 476 U.S. 28, 37 (1986) (involving error of constitutional magnitude). Although there are significant differences in the penalty phase of a federal trial and the sentencing hearing in our state courts, the logic of whether to grant a new trial when the error deals with the sentence applies equally to both proceedings. For these reasons, we hold that, under the circumstances of this case, requiring appellant to move for a mistrial or the giving of a cautionary instruction is not required in order to preserve her appeal. To so hold would be to raise form over substance. Accordingly, we hold that appellant's contemporaneous objection was sufficient to preserve her assignment of error for appeal.

## II.

On the merits, appellant argues that the challenged statement was improper because (1) the consideration of appellant's refusal to accept a plea offer infringed her constitutional right to trial; (2) the prosecutor injected his own opinion as to the fairness of the offer; and (3) the prosecutor argued facts not in evidence. After reviewing the record, we conclude both that the prosecutor's comments were improper and that the trial judge failed to recognize this fact. When the prosecutor mentioned during closing arguments that appellant had been offered a ten-year sentence in exchange for a guilty plea, appellant objected. The trial judge told the prosecutor to "[c]ontinue the argument." The Commonwealth's Attorney then repeated his statement about the plea offer and said that appellant actually laughed and then "taunted [him] . . . about [his] ridiculous offer." When counsel for appellant objected again, the court said: "This is the argument stage, Mr. Hershner. You may argue what you want when Mr. Barry gets through. Go ahead, Mr. Barry." The General Assembly has made clear its concern over the sentencing judge's knowledge of rejected plea agreements. Under Code § 19.2-153, if a circuit court judge "has rejected a plea bargain agreement submitted by both parties and the parties do not agree that he may hear the case," another judge must be appointed pursuant to the procedure outlined elsewhere in the Code.

The Commonwealth asserts that these comments were harmless, especially since they were made before the trial judge, who, unlike a jury, "is uniquely capable because of his training, experience and judicial discipline to disregard potentially prejudicial argument during the mental process of adjudication." *Williams v. Commonwealth*, 234 Va. 168, 182, 360 S.E.2d 361, 369 (1987), *cert. denied*, 484 U.S. 1020 (1988). In addition, the Commonwealth argues that the trial judge did not mention the rejected plea agreement as a factor he considered in pronouncing sentence. We conclude, however, based on the record, that the trial judge clearly failed to recognize the impropriety of these remarks because he twice failed to sustain appellant's objections thereto.

This case is clearly distinguishable from our recent holding in *Cole v. Commonwealth*, 16 Va. App. 113, 115, 428 S.E.2d 303, 305 (1993), in which the challenged evidence concerning a prior conviction was admissible as it pertained to credibility. In *Cole*, there was no evidence that the trial judge considered the challenged evidence for any reason other than its proper purpose. *Id.* at 113, 428 S.E.2d at 305. We

emphasized, however, that *Cole* did not hold that "the admission of improper evidence in a bench trial [could] never result in reversible error." *Id.* at 413, 428 S.E.2d at 305. The facts in this case present just such an example. Here, the challenged information could not properly have been introduced into evidence for *any* purpose and should not have been included in the prosecutor's argument. Therefore, we must presume, based on the trial judge's failure to sustain appellant's objection, that the information concerning the rejected plea agreement was considered for an improper purpose.

We do not address whether the sentence recommended by the jury was appropriate. However, because we cannot conclude that the prosecutor's comments were harmless, we remand this case for resentencing by another judge pursuant to Code § 19.2-154.

*Remanded for resentencing.*

Benton, J., and Cole, J., concurred.