## Richmond

GARY THOMAS, s/k/a

STUART GARY THOMAS

v.

COMMONWEALTH OF VIRGINIA

No. 0942-92-2

Decided July 12, 1994

COUNSEL

Robert G. Cabell, Jr. (H. Pratt Cook, III, on briefs), for appellant.

Richard B. Smith, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

## ON A REHEARING EN BANC

OPINION

**WILLIS, J.**—Pursuant to a plea agreement, the appellant, Gary Thomas, s/k/a Stuart Gary Thomas, pled guilty to one charge of solicitation to commit a felony and to three charges of grand larceny by receiving stolen goods. The trial court convicted Thomas upon his pleas and ordered a presentence report pursuant to Code § 19.2-299. After receipt of that report and a hearing, the trial court sentenced Thomas to fifteen years in the penitentiary and a suspended five year sentence. On appeal, Thomas contends that, in fixing sentence, the trial court erred in considering offenses and conduct for which he was not on trial.

By opinion issued January 25, 1994, in *Thomas v. Commonwealth*, 17 Va. App. 600, 439 S.E.2d 864 (1994), a divided panel of this Court affirmed Thomas's conviction and sentence. One judge found no error in the trial court's receipt of the questioned information. One judge found the receipt of that information erroneous, but harmless. The third judge found the receipt of that information erroneous. We granted rehearing *en banc* and stayed the mandate of the panel decision. Upon rehearing *en banc*, we find no error and affirm the judgment of the trial court.

### I.

On September 17, 1991, a grand jury indicted Thomas on two charges of solicitation to commit a felony in violation of Code § 18.2-29 and on four charges of receiving stolen property in violation of Code §§ 18.2-108 and 18.2-95. On January 21, 1992, a

grand jury indicted Thomas on twenty-one additional charges of receiving stolen property.

On February 24, 1992, pursuant to a plea agreement, Thomas pled guilty to one charge of solicitation to commit a felony and to three charges of grand larceny by receiving stolen goods. The agreement provided that the other twenty-two charges of receiving stolen property would be dismissed. The agreement further provided that on the charges to which he pled guilty, Thomas would receive sentences to be fixed by the trial court but not to exceed twenty years in the penitentiary.

The trial court convicted Thomas of the four charges to which he had pled guilty. It dismissed the other twenty-two charges, ordered a presentence report pursuant to Code § 19.2-299, and continued the case for sentencing.

At the April 27, 1992 sentencing hearing, Thomas's counsel objected to introduction of the presentence report because it referred to a 1976 charge resulting in a not guilty verdict, to a 1973 charge showing no disposition, and to evidence of the two year sting operation and investigation that resulted in all twenty-six charges brought against Thomas. Overruling this objection, the trial court stated: "[T]he record in this case is clear on the day of the entering of the pleas that there were four charges and the rest of the information is for the Court's purposes only. . . . [T]he Court has the right to ask its probation officer to furnish it all the information that it can acquire so that the Court will have a full view in the sentencing process."

After considering the presentence report, other evidence, and argument of counsel, the trial court sentenced Thomas to a suspended five year sentence on the solicitation conviction and to consecutive five year sentences on the three receiving stolen property convictions.

## II.

█ Upon finding an accused guilty of a felony,

the court may, or on motion of the defendant shall, before imposing sentence direct a probation officer of such court to thoroughly investigate and report upon the history of the accused, including a report of the accused's criminal record as

an adult and available juvenile court records, and all other relevant facts, to fully advise the court so the court may determine the appropriate sentence to be imposed.

Code § 19.2-299(A). The phrase "history of the accused" includes, but is not restricted to, the defendant's history of criminal convictions. *See LeVasseur v. Commonwealth*, 225 Va. 564, 593-94, 304 S.E.2d 644, 660 (1983), *cert. denied*, 464 U.S. 1063 (1984). A sentencing judge may consider hearsay contained in a probation report. *O'Dell v. Commonwealth*, 234 Va. 672, 701, 364 S.E.2d 491, 508, *cert. denied*, 488 U.S. 871 (1988). He may rely upon a defendant's criminal record. *See Smith v. Commonwealth*, 223 Va. 721, 725, 292 S.E.2d 362, 364 (1982) (Russell, J., dissenting). He may consider prior juvenile adjudications, *O'Dell*, 234 Va. at 701-02, 364 S.E.2d at 506-07; dismissed juvenile charges and pending charges, *United States v. Madison*, 689 F.2d 1300, 1312 (7th Cir. 1982), *cert. denied*, 459 U.S. 1117 (1983); charges for which the accused has been indicted, but not convicted, *United States v. Bowdach*, 561 F.2d 1160, 1175 (5th Cir. 1977); offenses for which the defendant has been convicted but not sentenced, *People v. Madonna*, 651 P.2d 378, 387 (Colo. 1982) (en banc); convictions on appeal, *Peterson v. Commonwealth*, 225 Va. 289, 297-98, 302 S.E.2d 520, 525-26, *cert. denied*, 464 U.S. 865 (1983); and evidence of unadjudicated criminal activity, *Beaver v. Commonwealth*, 232 Va. 521, 529, 352 S.E.2d 342, 347, *cert. denied*, 483 U.S. 1033 (1987).

Thomas relies upon *Callahan v. Commonwealth*, 8 Va. App. 135, 379 S.E.2d 476 (1989), and *Brown v. Commonwealth*, 8 Va. App. 126, 380 S.E.2d 8 (1989). These cases are inapposite. *Callahan* dealt not with the permissible content of a presentence report under Code § 19.2-299, but with the scope of evidence that may be presented before a jury. *Brown* dealt with the imposition of sentence for a crime other than the one for which the accused had been convicted.

So long as a sentence falls within the statutory limits for the crime, it lies within the discretion of the trial judge to "consider a criminal record as bearing upon a tendency to commit offenses, the probabilities of rehabilitation, and similar factors." *Eaton v. United States*, 458 F.2d 704, 708 (7th Cir.), *cert. denied*, 409 U.S. 880 (1972); *see Robinson v. Commonwealth*, 13 Va. App.

540, 413 S.E.2d 661 (1992).

The recitation of Thomas's personal and criminal history in the presentence report was proper for the trial court's consideration. The trial judge's remarks from the bench affirm that he considered that information in the proper context. The sentences imposed were within the limits imposed by law and were consistent with the plea agreement.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J., Baker, J., Coleman, J., Willis, J., Elder, J., Bray, J., and Fitzpatrick, J., concurred.

Koontz, J., concurring in result.

In my view, the phrase "history of the accused" contained in Code § 19.2-299(A) does not contemplate the inclusion of a "not guilty" finding in a prior criminal case in a presentence report prepared for a defendant's sentencing on a current, unrelated criminal conviction. In the context of a trial court's consideration of a defendant's presentence report, such an acquittal is distinctly different from criminal charges unresolved, dismissed, or never prosecuted. *Cf. Johnson v. Commonwealth*, 221 Va. 736, 273 S.E.2d 784 (1981) (distinguishing a dismissal pursuant to a legal defense and one pursuant to a factual defense for double jeopardy purposes). When preparing a presentence report pursuant to Code § 19.2-299(A), an acquittal on the merits of a prior criminal charge should be considered an unambiguous determination of innocence and excluded from the report. To do otherwise would allow an inference of an adverse contact with the criminal justice system, rendering the American verdict "not guilty" analogous to the Scots verdict, "not proven."[1]

---

[1] The Scots verdict "not proven" allowed the jury to assert that the evidence was insufficient, but that they nonetheless possessed a belief in the defendant's guilt. Though discharged from custody, the verdict left the defendant under a cloud of suspicion. Such a notion is anathema to the presumption of innocence. Although it may be true that society views with suspicion those acquitted of crimes, that prejudice should not be used by the state to justify enhanced punishment for a subsequent conviction.

Fundamental fairness dictates that once acquitted, a defendant should not have to defend further his or her innocence. The fact of a prior acquittal is simply not relevant information for the judge to consider in appropriately determining the fate of the defendant. Whatever the rule may be in other jurisdictions, the rule in this Commonwealth should be clear. Accordingly, I would hold that it was error to permit the inclusion of Thomas's 1976 acquittal of a criminal charge in his 1992 presentence report.

In Thomas's case, however, the error of including the prior acquittal in his presentence report was clearly harmless error. Thomas entered guilty pleas to the current charges, and the trial judge sentenced him within the limits imposed by law and consistent with the plea agreement. The record supports the conclusion that the trial judge did not impose an increased penalty upon consideration of Thomas's prior acquittal of the 1976 criminal charge.

For these reasons, I would affirm the judgment of the trial court.

Benton, J., dissenting.

The trial judge considered Thomas's acquittal to be an adverse contact with the criminal justice system for purposes of sentencing and, thus, an incident "of the accused's criminal record." Nothing in Code § 19.2-299(A) permits a Virginia trial judge at sentencing to consider a defendant's trial and acquittal in a criminal case. Decisions of federal courts and courts of other states are irrelevant to the question whether Code § 19.2-299(A) permits a Virginia judge to consider an acquittal on a criminal charge as a negative indication of character because it establishes that the defendant has had contact with the criminal justice system. I find no basis to conclude that under Code § 19.2-299(A) the fact of an acquittal may be considered as a part of a presentence report.

Recently, in a case arising from a sentencing in this same trial court, this Court rejected the Commonwealth's argument that the trial judge may consider at the sentencing phase improper information. *See Craddock v. Commonwealth*, 16 Va. App. 402, 429 S.E.2d 889 (1993). There, we reversed the sentence and remanded the case for resentencing. *Id.* at 407, 429 S.E.2d at 892.

I would reverse the sentencing order and remand this case for resentencing on a probation report that excludes from the "criminal record" references to the fact of acquittal and references to cases that indicate "no disposition located." For these reasons, I dissent.