COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Willis and Senior Judge Cole
Argued at Richmond, Virginia


KENNETH RAY LEWIS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0843-99-2         JUDGE MARVIN F. COLE
                                         JULY 25, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Margaret P. Spencer, Judge

            Esther J. Windmueller for appellant.

            Richard B. Smith, Senior Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Kenneth Ray Lewis, appellant, was convicted upon his guilty

plea of first-degree murder.[1]  Appellant contends that the trial

court erred by allowing a police officer to testify at sentencing

regarding statements made by another inmate.  For the following

reasons, we find no error and affirm the conviction.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] The Court notes that the final sentencing order entered by
the trial court erroneously reflects that the appellant was
found guilty of "capital murder."  Accordingly, this case is
remanded to the trial court for the sole purpose of amending the
final order to reflect that appellant was found guilty, pursuant
to his guilty plea, of first degree murder.

## Facts

Appellant and the victim, Michael Smith, were having a cookout on Smith's front porch when appellant began striking Smith on the head and neck with a hammer. Smith's blood splattered on the walls. Appellant dragged Smith's body through the house, and tried to put Smith's body into the trunk of Smith's car. Unable to get Smith's body into the trunk, appellant put the body in the backseat of the car, drove to Caroline County, and dumped the body into the Mattaponi River. Thereafter, appellant admitted his crime to Johnny Wright. Appellant explained how he threw chicken bones and hamburger grease on the blood trail in the house in an attempt to get dogs to lick up Smith's blood. Appellant asked whether Wright's wife could dye his hair. Hair dye was found in the car trunk along with cleaning items used to try to clean the blood out of the car. Prior to trial, appellant tried to "take out a contract" on Wright, the Commonwealth's main witness against him.

## Analysis

The only issue properly before this Court is the narrow issue of whether the trial court erred by allowing hearsay testimony during appellant's sentencing. Special Agent Carl Fisher testified that he interviewed inmate John Wallace about statements appellant made to Wallace. Appellant objected to any testimony from Fisher, arguing that

-

> if the Commonwealth wants that information
> . . . there's no reason that it could not
> . . . subpoena Mr. Wallace so we could have
> a reasonable opportunity to cross-examine
> the source. . . . [W]hile I understand
> certain hearsay is admissible at sentencing,
> this is one where, in fairness, if the Court
> wants to hear it, it should be able to hear
> it [from Wallace] . . . and we should have
> the opportunity to cross-examine [Wallace].

The trial court overruled appellant's objection and stated:

> The Court understands that certain hearsay
> evidence is admissible, and the Court will
> take into consideration when it hears the
> evidence, the fact that you will not have
> the opportunity to cross-examine that person
> who made those statements.

Fisher then testified about his interview of Wallace. Wallace told Fisher that appellant admitted to him killing a man with a hammer on that man's front porch and that he had thrown the body into the river. Wallace also stated that appellant offered him $1,500 to kill Johnny Wright, the Commonwealth's main witness against appellant. Appellant cross-examined Fisher. During allocution, appellant denied offering Wallace money to kill the Commonwealth's witness.

A sentencing hearing is not a trial. The rules applicable in a proceeding to determine a defendant's guilt are not necessarily applicable in a sentencing proceeding. See Moses v. Commonwealth, 27 Va. App. 293, 300, 498 S.E.2d 451, 455 (1998) (right to confrontation a trial right, not a right in sentencing proceeding); Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 471 (1994) (en banc) (during sentencing, court may

-

consider defendant's criminal record, including dismissed juvenile charges and pending charges, charges for which accused has been indicted but not convicted, offenses for which defendant has been convicted but not sentenced, convictions on appeal, and evidence of unadjudicated criminal activity). In holding that a judge could use a presentence report containing hearsay and evidence of unadjudicated crimes without offending the due process guarantee, the Supreme Court noted that "most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination." See Williams v. New York, 337 U.S. 241, 250 (1949).

"In the sentencing phase of a case, the trial court may rely upon hearsay testimony." Alger v. Commonwealth, 19 Va. App. 252, 258, 450 S.E.2d 765, 768 (1994). "The information relied upon by the court must, however, have some indicia of reliability." Id.

At the arraignment held on December 18, 1998, appellant pled guilty to the first degree murder of Michael Anthony Smith and admitted to the trial judge he understood this guilty plea lost him his right to confront and examine the Commonwealth's witnesses.

As a factual basis for the plea, the Commonwealth's attorney set forth in great detail the Commonwealth's evidence

-

to support the charge of murder.  Special Agent Fisher and several Richmond police officers had interviewed Johnny Wright. Wright advised the officers that appellant, a friend, had admitted to him in a conversation he had with him in the late evening hours of August 23, 1998, that he had struck Smith with a hammer several times and dragged him into the house, where he struck him several more times.  Appellant further admitted to Wright that he had placed the victim in the backseat of his car, driven it to Caroline County, and dumped the body into the Mattaponi River.

The Commonwealth's attorney further represented to the court another piece of evidence that appellant, while incarcerated, was housed with an inmate named John Wallace.  If called as a witness, Wallace would testify to "the exact same story that Mr. Lewis relayed to him [Wallace] in jail."  Wallace also would testify that appellant asked him "when he got out of jail, would [he] find [Wright] and do harm to him, if he were to testify."

The trial judge asked appellant if the facts as stated by the Commonwealth's attorney "were they a fair statement of the facts in the case."  Appellant personally responded that they were.

Almost four months later during sentencing, this same information was elicited from Special Agent Fisher.  Appellant clearly knew about this evidence prior to his sentencing

-

hearing, cross-examined Fisher about this evidence, and denied the accuracy of the evidence during allocution. Appellant's agreement that the Commonwealth's evidence would prove these facts gives the evidence the necessary "indicia of reliability."

The trial court properly admitted Fisher's hearsay testimony during appellant's sentencing proceeding. For these reasons, we find no error in appellant's conviction, and accordingly affirm.

<u>Affirmed.</u>

-