COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


LARRY RAY MARTIN, JR.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1952-00-2          JUDGE LARRY G. ELDER
                                      NOVEMBER 6, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                  William H. Ledbetter, Jr., Judge

          S. Jane Chittom, Appellate Defender (Public
          Defender Commission, on brief), for
          appellant.

          Richard B. Smith, Senior Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Larry Ray Martin, Jr. (appellant) appeals from the

sentences imposed after he pleaded guilty to two counts of

feloniously taking indecent liberties with two juveniles.  On

appeal, he contends the sentencing proceeding was fundamentally

unfair (1) because the trial court considered information

contained in presentence reports for prior offenses even though

appellant was not timely notified about the Commonwealth's

intent to introduce such information and even though it

contained hearsay and (2) because appellant's parole officer was

allowed to testify about uncharged conduct.  We hold appellant

─────────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

failed to preserve for appeal his objections regarding the presentence reports and that the court's consideration of an unadjudicated crime allegedly committed by appellant was not error.

Assuming without deciding that appellant was entitled to reasonable notice of the Commonwealth's intent to use the presentence reports prepared for prior convictions, appellant waived his right to consideration of this objection on appeal by not asking the trial court for a continuance. Had appellant sought and received a continuance, he would have had an opportunity to obtain complete copies of the prior presentence reports so that he could have been better prepared to cross-examine the Commonwealth's witness or offer evidence of his own to challenge the accuracy of the reports. Instead, by "declin[ing] to move for a remedy that would have permitted him to accommodate his [strategy] to the [information contained in the presentence reports,] [h]e sought only suppression of [that information]." Lane v. Commonwealth, 20 Va. App. 592, 595, 459 S.E.2d 525, 527 (1995). "[B]y failing to . . . ask for the postponement or continuance, [appellant] waived the point." Bennett v. Garrett, 132 Va. 397, 402, 112 S.E. 772, 773 (1922); cf. Turnbull v. Commonwealth, 216 Va. 328, 335, 218 S.E.2d 541, 547 (1975).

Appellant also waived his right to our consideration of his claim that the trial court erroneously admitted hearsay

-

information in the prior presentence reports.  See Rule 5A:18.

Although appellant successfully objected to the Commonwealth's

efforts to offer into evidence a psychological evaluation

prepared in conjunction with one of appellant's prior

convictions, appellant did not object on hearsay grounds to the

admission of testimony from the prior presentence reports

themselves.  He argued only that allowing additional testimony

about the offenses as described in the prior presentence reports

would "inflame the Court as far as his past record" and would be

unfair given that he had been provided only excerpts from those

reports and had received them only two hours before the

sentencing.

Furthermore, we see no reason to apply the good cause or

ends of justice exceptions to reach the merits of this

assignment of error.  "A sentencing judge may consider hearsay

contained in a probation report," Thomas v. Commonwealth, 18 Va.

App. 656, 659, 446 S.E.2d 469, 471 (1994) (en banc), as long as

that testimony bears some indicia of reliability, Alger v.

Commonwealth, 19 Va. App. 252, 258, 450 S.E.2d 765, 768 (1994).

Further, hearsay testimony that is admitted without objection in

a sentencing proceeding may "'properly be considered by the

trial court and given its natural probative effect.'"  Miller v.

Commonwealth, 22 Va. App. 497, 500-01, 471 S.E.2d 780, 782

(1996) (quoting Baughan v. Commonwealth, 206 Va. 28, 31, 141

S.E.2d 750, 753 (1965)).  Because all prior presentence reports

-

to which appellant now objects were prepared in Virginia, Code § 19.2-299 provided appellant with an opportunity to challenge their accuracy in the prior proceeding for which each report was prepared. Had appellant requested a continuance in the instant proceeding, he would have had an opportunity to substantiate for the trial court any inaccuracies he had claimed in those prior presentence reports. Because he did not request a continuance, we presume those reports were accurate. See State v. Cannon, 922 P.2d 1293, 1302-03 (Wash. 1996) (en banc).

Finally, the admission of the parole officer's testimony about appellant's uncharged conduct involving a seven-year-old boy was not error. Code § 19.2-295.1 limits the evidence admissible before the jury in the sentencing phase of a bifurcated trial to offenses for which an accused has been convicted and sentenced. See Webb v. Commonwealth, 31 Va. App. 466, 469-70, 524 S.E.2d 164, 166 (2000). However, in any portion of a sentencing proceeding occurring before a judge, the judge may, before imposing sentence, consider "'the history of the accused . . . and all other relevant facts,'" which include both "dismissed juvenile charges" and "evidence of unadjudicated criminal activity." Thomas, 18 Va. App. at 659, 446 S.E.2d at 471 (quoting Code § 19.2-299(A)); see also Saunders v. Commonwealth, 242 Va. 107, 115 & n.2, 406 S.E.2d 39, 44 & n.2 (1991).

-

Here, the Commonwealth offered evidence of appellant's conduct with the seven-year-old boy because it provided yet another example of appellant's violation of the condition of his May 10, 1999 parole which prohibited him from having contact with minor children.  The evidence as a whole, both appellant's prior convictions involving minors and various other unadjudicated acts, including the challenged one involving the seven-year-old boy which occurred within four months following appellant's parole for previous sexual offenses involving minors, was appropriately considered by the trial court in concluding that these were "serious matters" and that the court, through its sentence, had to seek to "protect the children" from sex offenders like appellant.

For these reasons, we affirm appellant's sentences.

<u>Affirmed.</u>

-