HUMPHREYS, Judge.
Sandra Lanette Pierce (“Pierce”) appeals her conviction of possession of marijuana with intent to distribute, in violation of Code § 18.2-248.1. On appeal, Pierce argues that the trial court erred in allowing testimony that Pierce had been previously convicted of perjury. Pierce contends that this error can never be harmless, and, thus, her conviction must be reversed.[1] For the following reasons, we hold that the trial court erred in admitting testimony regarding Pierce’s conviction for perjury, but that the error was harmless. Thus, we affirm Pierce’s conviction.
I. BACKGROUND
On appeal, we review the evidence in the light most favorable to the Commonwealth, the prevailing party below, giving it the benefit of all reasonable inferences. Martin v. Commonwealth, 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987). So viewed, the evidence established the following.
On July 22, 2005, the Portsmouth Police Department conducted surveillance on Pierce’s home at 2210 King Street because of complaints regarding narcotics activity. Officer J.C. Knorowski (“Knorowski”) saw Pierce, who was sitting on the front porch, empty the tobacco from a cigar, replace the tobacco with marijuana, and smoke the cigar. Pierce did this *613 twice. A man approached the porch and smoked one of the cigars with Pierce.
Following Knorowski’s observations, Detective Grover (“Grover”) and Detective Lipscomb (“Lipscomb”) knocked on the back door of the house while other officers knocked on the front door. When the officers knocked, someone attempted to leave the house through a rear window. The officers entered the house, “froze” it, and brought everyone out to the front porch. Grover and Lipscomb left to secure a search warrant. "When they returned, they executed the warrant and recovered marijuana.[2]
Grover arrested Pierce and interviewed her. Grover told Pierce that an officer had observed her smoking marijuana, to which she stated, “I did that.” However, she denied knowing about anything else going on in her house.
A grand jury indicted Pierce for possession of marijuana ■with intent to distribute, in violation of Code § 18.2-248.1. At trial, Grover described his initial encounter with Pierce. The prosecutor, the trial court, and Grover had the following colloquy:
[TRIAL COURT]: Do you know what’s up on High Street in the 2200 Block?
[GROVER]: Yes. Right across from that would be the BP station at the corner of Martin Luther King Highway and High Street and the Essex Food Mart.
[THE COURT]: Yes, I know where you are talking about.
[PROSECUTOR]: Is it fair to say it’s a high crime area?
[GROVER]: Yes.
[PROSECUTOR]: Is it fair to say it’s an open-air drug market?
[GROVER]: Yes. I—at the point where I told her that there was no way she wouldn’t know, that she couldn’t know what was going on [inside her house] from the observations *614 and the smells and everything else that was in her house, Miss Pierce said I swear on my kids’ [sic] life that she didn’t know what was going on, and at that point I said, “Didn’t you get charged and convicted of perjury[?]”
Defense counsel promptly objected and moved for a mistrial. The trial court denied the motion, stating that it would allow the statement because “we don’t have a jury ... [and] it’s part of the interrogation process as to what was going on.” The conversation continued as follows:
[PROSECUTOR]: You said she had been convicted of perjury.
[GROVER]: I said, “Didn’t you get charged and convicted of perjury? That’s lying.” Miss Pierce said, “Yeah, but that was just in court,” and at that point I was pretty disgusted and I just ended the interview and walked out.
Defense counsel again renewed his motion for a mistrial, which the court denied. Pierce never testified in her defense, and, ultimately, the trial court convicted her of possession of marijuana with intent to distribute, in violation of Code § 18.2-248.1. In finding Pierce guilty, the trial court noted that “if there was any doubt in the Court’s mind ... the testimony of Miss [Kisha] LeBray makes it pretty clear that this defendant was at least a co-possessor of the items.”[3] The trial judge remarked further:
To tell you the truth, I was sitting here listening to the Commonwealth’s case and I was saying Boy, this is going to be close. Then Miss LeBray took the witness stand and while she was testifying I was thinking Boy, I bet if [the Commonwealth’s Attorney] knew she was going to say what *615 she was saying, he’d have called her as a witness [for the Commonwealth],
The trial court sentenced Pierce to three years in the penitentiary, with two years and nine months suspended. Pierce now appeals.
II. ANALYSIS
A. The Admissibility of the Perjury Conviction
“Generally, proof tending to show an accused committed other crimes at other times is incompetent and inadmissible for the purpose of showing commission of the particular crime charged.” Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d 377, 380 (1988) (citing Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)). However, “such evidence is admissible ‘if it tends to prove any relevant element of the offense charged’ or if ‘the evidence is connected with or leads up to the offense for which the accused is on trial.’ ” Id. at 95, 372 S.E.2d at 380-81. Evidence of other crimes or convictions may also be admitted for the purpose of, among other things, impeaching the credibility of a witness who has placed their credibility in issue by testifying, including a criminal defendant. See Hackney v. Commonwealth, 28 Va.App. 288, 293, 504 S.E.2d 385, 388 (1998) (en banc). “Nevertheless, evidence of other crimes is permitted only when ‘the legitimate probative value outweighs the incidental prejudice to the accused.’ ” Woodfin, 236 Va. at 95, 372 S.E.2d at 381 (quoting Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)).
In this case, Grover testified about his conversation with Pierce, specifically her acknowledgement of having previously been convicted of perjury. Pierce’s perjury conviction was not relevant to prove motive, intent or any element of the offense charged. In short, Pierce’s propensity to lie under oath had nothing to do with the crime for which she was being tried, possession with intent to distribute. In context, the only purpose possibly served by such testimony would be to impeach Pierce’s credibility. Pierce, however, had not testi *616 fied and, consequently, her credibility was not in issue. Therefore, this record supports no appropriate exception to the general rule prohibiting the admission of previous crimes into evidence. As such, we hold that the trial court erred in allowing testimony regarding Pierce’s prior conviction for perjury and we must now determine whether the error was harmless.
B. Harmless Error
A non-constitutional error is harmless “[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.” Code § 8.01-678. “ ‘[A] fair trial on the merits and substantial justice’ are not achieved if an error at trial has affected the verdict.” Lavinder v. Commonwealth, 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). “[T]he harmless error doctrine enables an appellate court or a trial court when considering a motion to set aside a verdict to ignore the effect of an erroneous ruling when an error clearly has had no impact upon the verdict or sentence in a case.” Hackney, 28 Va.App. at 296, 504 S.E.2d at 389. “An error does not affect a verdict if a reviewing court can conclude, without usurping the jury’s fact finding function, that, had the error not occurred, the verdict would have been the same.” Lavinder, 12 Va.App. at 1006, 407 S.E.2d at 911. “Furthermore, in a bench trial, the trial judge is presumed to disregard prejudicial or inadmissible evidence, and this presumption will control in the absence of clear evidence to the contrary.” Hall v. Commonwealth, 14 Va.App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc) (citations omitted).
The analysis of this issue is controlled by our decision in Cole v. Commonwealth, 16 Va.App. 113, 428 S.E.2d 303 (1993). In Cole, the trial court admitted evidence, over the appellant’s objection, that the appellant had two prior convictions for grand larceny. Id. at 115, 428 S.E.2d at 305. On appeal, we upheld the admission of the first conviction but held that the trial court erred in allowing evidence of the *617 second conviction. Id However, we held that the error was harmless because the trial judge, as opposed to a jury, sat as the finder of fact. Id at 116, 428 S.E.2d at 305. Specifically, we held that:
“A judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both.” Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981). Consequently, we presume that a trial judge disregards prejudicial or inadmissible evidence. Hall v. Commonwealth, 14 Va.App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc). Finally, “this presumption will control in the absence of clear evidence to the contrary.” [Id] ... This is not to say that the admission of improper evidence in a bench trial may never result in reversible error. Where the record makes clear that the judge considered such inadmissible evidence in adjudicating the merits of the case, reversal would be appropriate.
Id In this case, as in Cole, the trial court improperly admitted evidence of the appellant’s prior conviction. Under Cole, that error is harmless unless “the record makes clear that the judge considered such inadmissible evidence in adjudicating the merits of the case____”[4] Id.
*618 There is no evidence in the record to clearly indicate that the trial court relied on the improperly admitted evidence in deciding the case. In ruling on the objection, the trial court made clear that it gave little or no weight to the prior conviction. In allowing the evidence, the court noted that “we don’t have a jury” and that the statement was just “part of the interrogation process.” The trial court made no mention of the prior conviction when making its final ruling in the case. In fact, in ruling on the issue of guilt, the trial court made it clear that it was the testimony of another witness that convinced him that Pierce was guilty of possession with intent to distribute.
It is also clear that the improperly admitted evidence did not affect Pierce’s sentence. Prior to sentencing Pierce, the trial court ordered a pre-sentencing report pursuant to Code § 19.2-299. Under Code § 19.2-299, “the court may, or on motion of the defendant shall, before imposing sentence direct a probation officer of such court to thoroughly investigate and report upon the history of the accused, including a report of the accused’s criminal record .... ” (Emphasis added). Thus, at the time of sentencing, Pierce’s criminal record was properly before the court in the pre-sentence report. Because the evidence of the conviction was properly before the court during the sentencing phase of the trial, it does not matter that the trial court improperly admitted the evidence during the guilt phase of the trial.
III. CONCLUSION
For these reasons, we hold that the trial court erred in admitting Grover’s testimony regarding Pierce’s perjury con *619 viction. However, we hold that the error was harmless and we affirm Pierce’s conviction.

Affirmed.

. This Court denied Pierce’s appeal with regard to the sufficiency of the evidence to support the conviction for possession with intent to distribute.

. The officers recovered three plastic bags of marijuana. The bags contained the following amounts: 0.17 ounce, 7.30 ounces, and 0.58 ounce.

. LeBray, Pierce’s cousin who was called to testify by the defense, testified that the marijuana was on top of Pierce's dresser in her bedroom. And although Pierce never admitted to LeBray that the marijuana was hers, LeBray testified that she never saw anyone else in actual possession of the marijuana. Moreover, LeBray testified that no one in the house told the officers that the marijuana belonged to someone other than the owner of the house. Pierce was the leaseholder at the address.

. It is clear that there is tension between our decisions in Cole and Craddock v. Commonwealth, 16 Va.App. 402, 429 S.E.2d 889 (1993), but that tension is not irreconcilable. We agree with the dissent that even in a bench trial, " ‘when the trial judge erroneously and unconditionally admits prejudicial evidence, we cannot presume that the trial judge disregarded the evidence he ruled to have probative value.’ ” (quoting Wilson v. Commonwealth, 16 Va.App. 213, 223, 429 S.E.2d 229, 235 (1993)). We also agree that we must presume that, by admitting inadmissible evidence, the trial judge implicitly considered that evidence for an improper purpose. Craddock, 16 Va.App. at 407, 429 S.E.2d at 892. However, that presumption is not irrebuttable. The primaiy question in any harmless error analysis is whether an error “has had no impact upon the verdict or sentence in a case.” Hackney, 28 Va.App. at 296, 504 S.E.2d at 389. Thus, we must, as Cole mandates, determine whether "the judge considered such inadmissible *618 evidence in adjudicating the merits of the case.” Cole, 16 Va.App. at 116, 428 S.E.2d at 305. When, as in this case, a judge clearly articulates the reasons for his decision, and the improper evidence is not among those reasons, it is clear that the improper evidence did not impact the verdict and the presumption is overcome.