COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judges Beales and Russell*

HASAAN S. WILLIAMS

v.       Record No. 1209-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
JULY 5, 2022

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Edward A. Robbins, Jr., Judge

(Stephen A. Mutnick; Winslow, McCurry & MacCormac, PLLC, on
brief), for appellant.

(Jason S. Miyares, Attorney General; Victoria Johnson, Assistant
Attorney General, on brief), for appellee.


Appellant Hasaan S. Williams appeals an August 30, 2021 order imposing three years and

seven months of his previously suspended sentences.  Williams contends that the trial court

improperly considered "information regarding the facts of an underlying case that was dismissed

and information about a drug investigation that was not relevant to the violation."  He also argues

that the trial court "erred in imposing a sentence that was not commensurate with the facts of the

case."  After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);

Rule 5A:27(a).  We affirm the decision of the trial court.

_____

* Justice Russell participated in the decision of this case prior to his investiture as a
Justice of the Supreme Court of Virginia.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, [as] the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

In February 2017, the trial court convicted Williams of possession with intent to distribute a Schedule I or II controlled substance, possession with intent to distribute a Schedule I or II controlled substance on prohibited property, and felony eluding. The trial court sentenced Williams to a total of twenty years of incarceration with eighteen years and seven months suspended, conditioned upon his good behavior for a period of twenty years. In March 2021, the trial court convicted Williams of possession of a firearm by a convicted felon. Based on the new conviction, the trial court issued a show-cause order and capias for Williams.

At the revocation hearing, Williams conceded that he had violated the conditions of his previously suspended sentences by sustaining the new conviction. Williams's mother testified that Williams was "very active in the community," "work[ed] with children," and tried "to be a role model for" them as a way of "correct[ing] some of his mistakes." Since his release from prison, he had been spending more time with family, and he was "trying to be a different person." In addition, Williams was supporting his family with a delivery service.

During argument, the Commonwealth proffered that the underlying convictions (from 2017) arose after Williams drove into a school parking lot as an officer attempted to stop his car for a traffic violation. Williams "took off around the parking lot in the vehicle [driving] at a high rate of speed." He then exited the car, leaving it running with two unrestrained children inside, and ran into

the woods (where officers discovered a bag of heroin). The Commonwealth further proffered that a passerby found a gun inside a Doritos bag at a spot where Williams had made a sharp turn. The Commonwealth informed the trial court that Williams had been found not guilty of possession of the firearm in that incident.

The Commonwealth also proffered that the 2021 conviction stemmed from an investigation in which local and federal authorities observed Williams make "numerous hand-to-hand [drug] transactions" over the course of six months. Officers executed a search warrant at Williams's house, where they "found an extremely large amount of cash" along with ammunition and two firearms. Williams claimed ownership of the cash but denied knowing anything about the firearms. The Commonwealth argued that Williams had not changed his ways very much and asked that the trial court impose "some active incarceration."

Williams countered that the trial court should disregard the information about the gun found in the 2016 incident because he was found not guilty of that offense. He agreed with the Commonwealth's "version of the events" but not its "interpretation of the events." He emphasized that the drug investigation revealed no evidence of anyone "going to buy drugs from him" and that the search found no drugs in his home. He argued that the search warrant was obtained simply because he still knew people he had known before going to prison. Despite having been convicted of possessing the firearms found during the search, Williams claimed that they belonged to a woman who had been staying with him. Finally, Williams argued that he was not the same person he had been in 2016 and was working to contribute to his family and the community. Accordingly, he asked the trial court to impose a sentence that would let him be with his children. In allocution, Williams emphasized that he had a successful delivery service, that he had completed supervised probation and a substance abuse program, that he had paid all the fines and restitution he owed, that he was rebuilding his relationship with his children, and that he was giving back to the community.

The trial court emphasized that a sentencing decision is individualized and discussed Williams's convictions for possession of narcotics with intent to distribute, eluding police, and possession of a firearm as a convicted felon. The trial court also reviewed what it described as "quite a bit of mitigation," including that Williams had completed probation, had demonstrated his "willingness to undertake [his] parental responsibilities," and had maintained a relationship with his children. After considering the evidence in aggravation and mitigation, the trial court determined that it was appropriate to revoke Williams's suspended sentences and to sentence him to three years and seven months of active incarceration. This appeal follows.

ANALYSIS

A. The Commonwealth's proffer

Williams argues that the trial court erred by considering irrelevant evidence presented by the Commonwealth in a proffer during argument on sentencing. He contends that the allegations that he possessed a gun during the events that led to his convictions in 2017 and that he had been the target of a drug investigation were irrelevant and overly prejudicial.[1] He emphasizes that he was acquitted of the firearms charge and that there was no evidence that he was involved in any of the hand-to-hand drug transactions observed during the investigation.

Rule 5A:18 provides, "No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was

---

[1] Williams also argues that the trial court violated his right to confront witnesses by admitting hearsay evidence regarding the drug investigation. Rule 5A:20(c) provides, in relevant part, "the brief must list, clearly and concisely and without extraneous argument, the specific errors in the rulings below . . . upon which the party intends to rely." "Only assignments of error listed in the brief will be noticed by this Court." Rule 5A:20(c)(1). Williams's assignments of error suggest that the trial court erred only by considering irrelevant and prejudicial information and imposing a sentence that was "not commensurate with the facts of the case." As those assignments of error do not encompass his constitutional argument, we will not consider it. *See Kirby v. Commonwealth*, 264 Va. 440, 444-45 (2002) (declining to notice arguments not encompassed by an assignment of error).

stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). Williams recognizes that he did not preserve his arguments for appeal but asks that we consider them under Rule 5A:18's ends of justice exception.

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt*, 66 Va. App. at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). Furthermore, "to avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* (alteration in original) (quoting *Redman*, 25 Va. App. at 221 (emphasis in original)).

"A circuit court, sitting without a jury, 'is presumed to separate "the admissible from the inadmissible," and to have considered only competent evidence.'" *Damon v. York*, 54 Va. App. 544, 557 n.8 (2009) (quoting *Spencer v. Commonwealth*, 238 Va. 563, 569 (1989)). This presumption applies "absent 'clear evidence to the contrary.'" *Breeden v. Commonwealth*, 43 Va. App. 169, 188 (2004) (quoting *Cole v. Commonwealth*, 16 Va. App. 113, 116 (1993)). Here, both the Commonwealth and Williams informed the trial court that he had not been convicted of

possessing the firearm found during the events that led to his 2017 convictions for possession with intent to distribute, possession with intent to distribute on prohibited property, and felony eluding. In addition, the parties informed the trial court that no controlled substances were found during the search of Williams's residence. In addition, nothing in the trial court's pre-sentencing statements demonstrate that it inappropriately considered either of those circumstances. Rather, it expressly stated that it was considering Williams's *convictions* in fashioning its sentence. Thus, the record does not affirmatively demonstrate that a "miscarriage of justice has occurred," and Williams's argument is barred by Rule 5A:18.

### B. Imposition of sentence

Williams argues that the trial court abused its discretion by imposing three years and seven months of active incarceration. He asserts that the trial court gave significant weight to the underlying facts of his 2017 convictions—specifically the firearm found at the scene of the incident—and "the drug investigation," which he argues were improperly before the court. He also characterizes as "untenable" precedent that prevents appellate courts from "grant[ing] relief from unnecessarily harsh sentences," arguing that a sentence which amounts to "cruel and unusual punishment . . . is a product of abuse of discretion."

We cannot consider Williams's challenge to established binding precedent because "we are bound by decisions of the Supreme Court of Virginia[.]" *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)). Furthermore, under the doctrine of interpanel accord, "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of [the Supreme] Court." *Brown v. Commonwealth*, 68 Va. App. 44, 51 n.1 (2017) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)). "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi*—the essential

rationale in the case that determines the judgment." *Hutton v. Commonwealth*, 66 Va. App. 714, 724 n.5 (2016) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73-74 (2003)). Thus, we decline appellant's implicit invitation to overturn, modify, or reverse established binding precedent.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011).

"If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C).[2] "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.* Williams does not contend that the trial court did not have sufficient cause to revoke his suspended sentences; indeed, he stipulated that he

---

[2] Code § 19.2-306(C) was amended effective July 1, 2021. *See* 2021 Va. Acts Sp. Sess. I, ch. 538. Neither Williams nor the Commonwealth has challenged the applicability of the statutory amendment in this case; thus, we do not address that issue here. Moreover, the trial court has discretion to revoke the suspension and impose or resuspend any or all of the sentence when, as here, a probationer commits a new offense during the suspension period. Code § 19.2-306.1(B).

had violated the terms of the suspended sentences. Instead, Williams argues that the trial court abused its discretion by giving significant weight to the "underlying facts of the old conviction, including those proffered by the Commonwealth regarding the firearm," and "evidence improperly proffered about the drug investigation."

As relevant to Williams's claim, Code § 19.2-306.1(B) provides, in relevant part, that

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

The record demonstrates that Williams had suffered a new criminal conviction during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously suspended sentence of eighteen years and seven months. *Id.*

It was equally within the trial court's purview to weigh any mitigating factors Williams presented, such as Williams's successful completion of probation, payment of restitution, and his relationship with his children. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). However, despite Williams's argument to the contrary, nothing in the record demonstrates that the trial court actually considered the presence of the firearm found at the scene of the incident that led to his 2017 convictions—or evidence about the drug investigation. Accordingly, we hold that the trial court certainly did not abuse its discretion by imposing an active sentence of three years and seven months—and that the sentence imposed represents a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence

in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").[3]

CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*

---

[3] Williams also implicitly invites us to review his sentence for proportionality, but this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").